The next case is number 2011, Senate 12, 7012. Carolyn Patrick against the Secretary of Veterans Affairs. Mr. Carpenter. May it please the Court, Kath Carpenter appearing on behalf of Mrs. Carolyn Patrick. This case, Your Honor, involves a question under the Equal Access to Justice Act. Specifically, Ms. Patrick argues two issues. First, that the Veterans Court erred by exceeding its jurisdiction, excuse me, by exceeding its scope of review of the administrative position taken by the board in its 1999 decision. Specifically, Ms. Patrick relies upon the rule of law created by the Supreme Court in Jean, which indicates that when the issue of substantial justification is to be considered, one is to properly focus on the governmental misconduct, giving rise to the litigation. In this case, that misconduct was the failure of the board to consider and apply correctly the presumption of soundness. The board's decision in May 1999 applied the presumption of aggravation. These are separate statutory presumptions. As a consequence, that excluded under that rule of law the Veterans Court from relying upon the position that was taken in litigation, which was the then controlling precedent regarding the VA's regulation concerning the presumption of soundness, in consideration of only one of the two prongs of the presumption of soundness. The position that the VA took at the litigation stage was never relied upon by the board in its decision, denying Mrs. Patrick's appeal in May of 1999. Therefore, under the rule of law in Jean, it was not proper. It was not within the scope of review of that administrative position for the Veterans Court to take into consideration whether that action was substantially justified by a position that was never taken. How does the presumption of regularity work into this? We're assuming that they would apply any governing or controlling law, and obviously that the regulation 3.304 was an important regulation. We're just supposed to assume that they didn't look at it or ignored it? No, Your Honor. As a matter of fact, they acknowledge the argument that was made by Mrs. Patrick in their findings, the specific findings in the record at JA 93 to 94. The board's 1999 decision acknowledges that Ms. Patrick raised the question of the entrance exam and that there was nothing noted at the entrance exam. That is the triggering event that triggers the presumption of soundness. Yet the board decided this question of Mrs. Patrick's appeal on the question of the presumption of aggravation. And in fact, in their concluding determination, indicated that in making her arguments, she asserts only a disagreement with how the facts were weighed and evaluated. There was not an administrative failure to apply correctly the statutory and regulatory provisions to the correct and relevant facts. And that did not arise to the level of a clear and unmistakable error. They made a conscious choice to evaluate what Mrs. Patrick had said, and they ignored the argument that she made, and they deminimized that argument and converted it in to a weighing of the facts. That was the error. That was what precipitated the appeal of Mrs. Patrick to the Veterans Court, which after years of litigation, she ultimately prevailed upon. She did so because the court eventually found below that the board did not correctly apply the presumption of soundness, because they never considered it. Yet when it comes to EJIA, the court circles around and takes reliance upon the VA's litigation position and sort of slops it over into consideration of that at the administrative level. That was not the administrative position taken. Had they said that we are relying upon the presumption of soundness and that we don't have to get to the second prong because we find that the first prong had been rebutted, then they would have been correct. And Mrs. Patrick's EJIA application would not have, or excuse me, the government's position would have been substantially justified. Doesn't our 2007 case help you on this point? Didn't we specifically say in 2007 that the board didn't rely on that regulation? I believe it does, Your Honor, although that's a non-precedential case. But even if it's non-precedential for stare decisis purposes, it's still the law of the case, correct? Within the confines of this case, that would be correct, Your Honor. But it seems to me that ultimately the determination here is Mrs. Patrick asserted in her EJIA application the government's position was not substantially justified. The burden then shifted to the government to show that. They didn't make that showing based upon the administrative position taken by the board in its 1999 decision. That does corroborate it, the finding that was made in the 2007 decision. But the fact is that this is about whether or not the rule of law established in Jean was or was not correctly applied by the Veterans Court. And what the Veterans Court did in this case was to essentially go outside of the record and to say that they were going to look at factors that were part of, presumably, the totality of the circumstances. But these circumstances don't exist in the record. And that goes to Mrs. Patrick's second argument, which is that the Veterans Court misinterpreted the statute by misinterpreting the phrase, the position taken by the United States. The position taken by the United States in this case at the administrative level was that the presumption of soundness was the correct basis for the denial. Excuse me, the presumption of aggravation was the correct basis, not the presumption of soundness. They did not rely upon the presumption of soundness. When they failed to rely upon the presumption of soundness, that was what caused Mrs. Patrick to have to go to court. And the position taken was that they relied upon the presumption of aggravation to defeat Mrs. Patrick's claim. And the presumption of aggravation was not the critical piece here. And what was relied upon by the board in 1999 was that presumption of aggravation. Again, we find that the Veterans Court is relying upon a position that was simply never taken by the board in 1999. Unless there's further questions from the panel, I believe I'll reserve the balance of my time. Thank you, Mr. Carpenter. Thank you. Mr. Kessler. Good morning. May it please the court. Thank you. We request that the court affirm the decision of the Court of Veterans Claims. In this case, it was appropriate for the Court of Veterans Claims to look at the totality of the circumstances, the totality of the record, in determining whether the government's position was substantially justified. What is that totality? This is really what I find troubling about this case. It took this veteran, and then his widow, 50 years of litigation and interaction with the various tribunals. Each time there was a decision against him and then against her, they were told it was wrong, go back and do it again, and again, go back and do it again. Eventually, 50 years later, she prevails. Now we have a statute called equal access to justice. And at one point, does one somehow look at the totality of the entire relationships and try and decide where, in fact, the burdens lay? Well, how does the VA really respond to circumstances as egregious as those that we see here? Your Honor, those positions have been laid out before the Court of Veterans Claims. And the position was, and I think it's very clear that the position was, that as of the time of the Board's decision in 1986, as well as in 1999, when it considered the Q claim. Don't forget, 1999 was a collateral attack on a final decision. And the only way that the veteran could prevail at that point was to show that there was a Q error, a clear and unmistakable error. And at the time, in 1999, there was no authority from this court or from the Court of Veterans Claims that would have instructed the Board to construe the presumption of soundness using the two prongs, even though the presumption of soundness statute included two prongs. Because up until that point, the VA had interpreted under the regulations as having only the first prong. And so that's exactly what resulted in this appeal. Doesn't your Q finding essentially directly contradict what you're saying? Because if all that occurred was a misapplication of a law that was later changed or a regulation that was later revised, there couldn't be Q by definition, correct? If it was a change in the regulation, that's true. What this court found in its 2007 decision, which was the second time that this court had to remand the case back because of the Court of Veterans Claims decision, this court held that it was based upon what the presumption of soundness statute meant all along. It wasn't reinterpreting it. And it wasn't invalidating a current regulation. So our court actually said that the decision below never turned on that misstated regulation. That would have to be the essential holding in this case. I mean, at the time, we did contest that. But the actual holding of this. How do you get around that as the law of the case? The Veterans Court in this case didn't even consider that finding. Well, it could be the law of the case. And it doesn't change anything. It is the law of the case. The Veterans Court can just ignore it? Oh, no. No, the Veterans Court doesn't ignore that. The Veterans Court understood that in 1986 and in 1999 that the Board of Veterans Appeals was operating under the known interpretation at the time. And that was only that it applied the first prong of the presumption of soundness. That's exactly what the Court of Veterans Claims affirmed on the first appeal. And it's exactly what the Court of Veterans Claims appealed on the second affirm the second time on the basis that there was an understanding, at least at the Court of Veterans Claims, which is that there was no possibility of raising a Q claim for the misapplication of the presumption of soundness. Right, and we reversed. Because we said, no, the only issue was the statute, not the regulation. That's right. And so the issue is not. But now the Veterans Court is relying on the regulation and has changed to deny the fees. No, that's not accurate. The Veterans Court is relying on the decision itself, which, if you look at the decision, you can tell that what the Veterans Court did was it inferred properly and reasonably that the reason that the board came up with a decision that it did is because it was only applying one prong of the presumption of soundness. And if you look at the decision, you can see that the board finds that there's preexistence and goes on to another step. What the board should have done in 1999 is said, well, the presumption of soundness requires two steps. But it didn't do that. And there was no basis to address that issue at the time. Because that's not even what was being challenged before the board. What was being challenged before the board was the board's finding that there was no presumption of soundness and the presumption of aggravation. So the veteran was claiming that the earlier board decision in 1986 improperly determined that there was preexistence. So the board had to address both issues, which they thought was right at the time, which the board thought was right at the time. My point is that, because of this court's limited jurisdiction in the review of the Veterans Court's decisions, this court has previously determined in a number of cases, Stilwell and Carpenter versus Gober and Clemens versus West, all of which are cited in our brief, that the decisions as to whether the government's position was substantially justified is quintessentially discretionary. And this court cannot second guess the decision of the Court of Veterans Claims, because that would be an application of law to the facts. And so those courts have dismissed upon that grounds. And it's our assertion, as well, that in essence, even though it's been characterized as something different, that that's exactly what's going on here, is that you're being asked to assess whether the Court of Veterans Claims was reasonable in its conclusion that the government's position was substantially justified. And that decision in itself is not subject to review by this court, absent some constitutional error or legal interpretation. The Veterans Court didn't interpret the aegis statute. It didn't define what the parameters were of the substantial justification or position of the United States. It didn't elaborate on any part of the statute or any rule that would be applicable in future cases. The only thing the Veterans Court did was consider the application of law to the fact, and that's whether the government's position was substantially justified. The Veterans Court also- How do we get around the Smith and Bowie cases, where we very clearly said we had jurisdiction in these circumstances? If the court determines that there is an issue of statutory interpretation or a constitutional violation, well, then this court would have the authority to rule upon that issue, but not revisit the issue of whether- no violation. Then this court can't revisit the determination of the Veterans Court as to whether the government's position was substantially justified. So absent an error in law or interpretation or constitutional violation, the court can't second-guess that decision. The original BVA decision in 1986 did state that the issue in deciding service connection concerned, in part, the presumption of soundness and made that clear. And that's at the Joint Appendix at pages 57 and 61. And then it discusses the pre-existence prong, and that's all. And that's at Joint Appendix 60. In 1999, on the Kew decision, the decision states that the issue was the proper application of the presumptions. And then it states that it's both the presumption of soundness, which is at page 85, and also the presumption of aggravation, which is at page 85 as well. In 1999, the board finds that there's ample evidence of pre-existence in page 93 and doesn't consider, and that's where it made its mistake, and doesn't consider whether the government had carried its burden to show that there was also no aggravation. And that's the error that this court determined that the government, where the government made its mistake, where the government was wrong on the merits, is that at the VA level, the government didn't recognize that the statute itself requires that the government carry the burden on both prongs. And so is the government's position always substantially justified if the government misinterprets the law and misinterprets it when the statute on its face is very clear? Shouldn't there be some inquiry into that? You're saying, well, the government was relying on its own then controlling view of the law, which turned out to be directly contrary to the face of the statute. Shouldn't there be some inquiry into that question? Yes. It's absolutely true. And there's actually a lot of language that addresses this. In fact, I think in the Owen decision, which was an en banc decision, the court intimates that relying upon the wrong interpretation of a law, by definition, could be substantially justified. But I don't think that is the rule. It's certainly not in the VA, in its VA cases. You do have to look at the totality of the circumstances. And so it's proper and required under this court's precedent and the Supreme Court precedent to look at the totality of the record. And it's not just the administrative stage. So it's a creative approach for Mrs. Patrick's counsel to focus on the administrative stage, but it's not what the aegis is based upon. The aegis requires that the deciding court look at the entire record, and it expressly says both in litigation and at the administrative stage. So you can't just focus on one area and try to say that, well, there's a missing word in this decision. Of course the board didn't say, we are here by interpreting this statute wrongly, because in 10, 20 years, it's going to be determined that there's another prong. Of course the board doesn't say that. It really doesn't leave anything for each, does it? We're not saying that counsel or the board or anyone else deliberately misinterpreted or misapplied, but the results show that ultimately it was shown that they were, in fact, wrong. This court has held in numerous decisions that we've cited in our brief that the fact that the law was a relevant factor in determining whether the government's position was substantially justified. In every IJIA case, the government was wrong. Every single case, the government lost on a legal point. So IJIA itself understands that the government was wrong, and it could be wrong for various reasons. And what the case law has developed into is that the court must look into what the reasons were for the government's taking the position that it did. A confusing tapestry of law, which is what the Veterans Court relied upon here, in addition to other matters, is one of those factors. And so that is a determination properly within the Veterans Court to make that determination as to whether it feels that the government's position was justified. Otherwise, we'd have a per se rule that every time the government is wrong, IJIA should follow. That's the opposite of what IJIA provides for. So we must resort to what the case law demands, which is to look at the totality of the record and allow the Veterans Court to make that determination. The fact that the Veterans Court also took into account the fact that the Veterans Court itself had affirmed the board decision two times as being evidence that there was a confusing tapestry of case law in this case. And what was clear was that after this court's second remand, what the issue was to be considered. It's important that in this court's case called Smith v. Principi, and that's 343 F. 3rd at 1363, what this court said was, in order to apply the proper test in considering substantial justification, the Veterans Court is required to examine the reasonableness of the agency's action at the administrative stage with respect to the issue on which the claimant prevailed and not to depart from the totality of the circumstance that this court has adopted. And that's just focusing on the administrative stage. But it's clear that the court has to look at both the litigation and the administrative stage. So that the issue upon which the veteran won is the issue upon which you look at the reasonableness of the government's position. And in this case, as the Veterans Court thoroughly explained at the time, that it was proper and it was clear that the VA did rely upon what is now known to be the improper application of the presumption of soundness. Thank you. Thank you, Mr. Kessler. Thank you. For those reasons, we ask that you dismiss the case or refer it for the reasons we've stated. Thank you. Mr. Carpenter. May it please the court, the VA attempts to have the totality of circumstances absorb both the administrative position and the litigation position. The law requires that the government's position be substantially justified at both. Not that the totality of circumstances based upon the litigation position can overcome a position that simply was not taken by the board in its decision, which was the decision that caused the appeal. The decision in this case never took the position that they were relying upon the then precedent regarding 3.304. 3.304 is not mentioned in the board's decision. The passing reference to presumption of soundness was not relied upon by the board in its analysis for rejecting Mrs. Patrick's claim of clear and unmistakable error. The error that was made by the board was the failure to correctly apply the presumption of soundness. They never applied the presumption of soundness. They mistakenly applied the presumption of aggravation under a different statute and under a different regulation. That is the position that was not substantially justified. And to have the VA suggest that they can overcome, as the Veterans Court permitted them to do, to deny Mrs. Patrick Eja by saying that in the litigation we established that there was a confusing tapestry, and yes, we were wrong, but that overcomes the lack of substantial justification for the position taken in 1999 by the board. It doesn't do that. JEAN does not stand for that proposition. JEAN stands for the proposition that you focus on why the litigant was required to go to court. She was required to go to court because the board didn't apply the applicable provision of law. They applied a different position of law. They have made no showing, none whatsoever, that that position was substantially justified. Therefore, as a matter of law, Mrs. Patrick was entitled to have prevailed before the Veterans Court. Unless there's further questions. Do you see any difference? What is the significant difference that you see in this case and the White case? The White case, it seemed to me, Your Honor, was trying to assert the benefit of the change in the law. Mrs. Patrick is not relying at all in her EJA application based upon a change in the law. Mrs. Patrick is relying upon the fact that the board in 1999 took a position that her Q claim was not permissible because of the presumption of aggravation. That there was evidence sufficient in the challenge board decision that there was no showing of clear and unmistakable error. She doesn't rely upon the change in law for her EJA application. I believe in White, the claimant was relying upon the change in law as the basis for the entitlement to EJA. Mrs. Patrick does not make that reliance, nor does she need to. Thank you, Mr. Carpenter. Thank you very much. Thank you, Mr. Kessler. The case is taken under submission.